UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ANDREW JOHN MCCORMACK,

        Petitioner,

        Case No. 1:23-cv-1351

v.

        Honorable Robert J. Jonker

STEVEN HINKLEY,

        Respondent.

_____/

## OPINION

Petitioner Andrew John McCormack is a detainee confined to the Calhoun County Correctional Center. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that his detention violates his constitutional rights.[1] (Petition, ECF No. 1.) This matter is presently before the court on Petitioner's motion for leave to proceed *in forma pauperis*, (ECF No. 2), and for preliminary review.

---

[1] At the time that Petitioner filed his petition, he was detained pending his criminal trial in the Calhoun County Circuit Court. During the pendency of the present action, Petitioner was convicted of one of the two charges that were brought against him in the Calhoun County Circuit Court; however, as of the date of this opinion, Petitioner has not yet been sentenced. *See infra* pp. 2–3. When a person is in custody pursuant to the judgment of a state court, he may seek release by way of a writ of habeas corpus under 28 U.S.C. § 2254. However, prior to sentencing, Petitioner is not in custody pursuant to a judgment of state court. *See, e.g.*, *Burton v. Stewart*, 549 U.S. 147, 156 (2007) ("Final judgment in a criminal case means sentence[;] . . . [t]he sentence is the judgment." (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937))); *Flanagan v. United States*, 465 U.S. 259, 263 (1984) (concluding that final judgment does not occur "until after conviction <u>and</u> the imposition of sentence" (emphasis added)). Therefore, at the time that Petitioner filed his petition, and at the present time (i.e., prior to sentencing), Petitioner's challenge to the constitutionality of his detention must be brought under 28 U.S.C. § 2241. *See Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981).

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243.[2] The Court is required to conduct this initial review prior to the service of the petition. *See* Rule 4, Rules Governing § 2254 Cases. After undertaking the review required by Rule 4, it plainly appears from the face of the petition that Petitioner is not entitled to relief because he has failed to exhaust his state court remedies. Accordingly, the Court will summarily dismiss the petition without prejudice.

## Discussion

### I. Leave to Proceed *in Forma Pauperis*

The filing fee for a habeas corpus action is $5.00. *See* 28 U.S.C. § 1914(a). Petitioner has requested leave of court to proceed *in forma pauperis*, without prepayment of the filing fee under 28 U.S.C. § 1915(a)(1). (ECF No. 2.) It reasonably appears that paying the cost of this filing fee would impose an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Therefore, the Court will grant Petitioner leave to proceed *in forma pauperis*.

### II. Factual Allegations

When Petitioner initiated this action, he was detained at the Calhoun County Correctional Center, in Battle Creek, Michigan, on charges of first degree home invasion, in violation of Mich. Comp. Laws § 750.110a, and assault with a dangerous weapon (felonious assault), in violation of Mich. Comp. Laws § 750.82. On February 8, 2024, following a jury trial in the Calhoun County Circuit Court, Petitioner was convicted of first degree home invasion, and he was found not guilty of assault with a dangerous weapon. *See* Case Details, *State of Mich. v.*

---

[2] The Rules Governing § 2254 Cases may be applied to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases.

*McCormack*, No. 2022-1953-FH (Calhoun Cnty. Cir. Ct.), https://micourt.courts.michigan.gov/case-search/court/C37 (in "Case Number" section, enter "2022" in the first box, enter "1953" in the second box, and enter "FH" in the third box) (last visited Feb. 14, 2024). Petitioner's sentencing hearing is scheduled for April 8, 2024, and it appears that Petitioner remains detained pending sentencing. *See id.*

In his petition, Petitioner contends that his "constitutional right to a speedy trial" and his due process and equal protection rights have been violated in his state criminal case. (Petition, ECF No. 1, PageID.6–11.) Petitioner filed multiple motions regarding his claims with the Calhoun County Circuit Court, all of which were denied. (*See* ECF No. 1-2, PageID.20–27; ECF No. 1-9, PageID.57–62); *see also* Case Details, *State of Mich. v. McCormack*, No. 2022-1953-FH (Calhoun Cnty. Cir. Ct.), https://micourt.courts.michigan.gov/case-search/court/C37 (in "Case Number" section, enter "2022" in the first box, "1953" in the second box, and "FH" in the third box) (last visited Feb. 14, 2024). Petitioner did not appeal any decision to the Michigan Court of Appeals or the Michigan Supreme Court. (*See* ECF No. 1, PageID.2–5); *see also* Michigan Courts Case Search, https://www.courts.michigan.gov/case-search/ (enter "Andrew John McCormack," select "search") (last visited Feb. 14, 2024). Petitioner instead filed the present action in this Court. (ECF No. 1.)

**III.    Exhaustion Under § 2241**

Section 2241 confers upon federal courts the jurisdiction to consider petitions for writ of habeas corpus of state pretrial detainees. *Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). Although petitions under § 2241 are not subject to all of the specific statutory requirements set forth in § 2254, a pretrial detainee may not simply seek relief in federal court under § 2241 where state relief is still available. Thus, a federal court ordinarily "should abstain from the exercise of that jurisdiction if the issues raised in the petition may be

3

resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Id.* at 546 & n.1; *see Phillips v. Court of Common Pleas, Hamilton Cnty, Ohio*, 668 F.3d 804, 810 n.4 (6th Cir. 2012) ("Unlike exhaustion under § 2254, exhaustion under § 2241 is not a statutory requirement. *Compare* 28 U.S.C. § 2254(b)(1)(A), *with id.* § 2241. Rather, in the § 2241 context, 'decisional law has superimposed such a requirement in order to accommodate principles of federalism.'").

The Sixth Circuit has approved consideration of a pretrial § 2241 petition only in three exceptional circumstances: (1) when the petitioner seeks a speedy trial, *Atkins* 644 F.2d at 546–47; (2) when a petitioner seeks to avoid a second trial on double jeopardy grounds, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); and (3) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1990).

Here, Petitioner first claims that his speedy trial rights have been violated. However, not every speedy trial claim is properly raised by way of a prejudgment habeas petition:

> [T]he speedy trial clause protects two related but distinct interests: the enforcement of the state's duty to provide a prompt trial and the protection of defendants from the prejudice that arises from a state's failure to carry out that duty. As noted by the Fifth Circuit in *Brown v. Estelle*, . . . "(t)his distinction apparently turns upon the type of relief sought: an attempt to dismiss an indictment or otherwise prevent a prosecution" protects the defendant from prejudice and is normally not attainable by way of pretrial habeas corpus; but an attempt to force the state to go to trial may be made prior to trial, although state remedies must still be exhausted. 530 F.2d [1280,] 1283 [(5th Cir. 1976)].

*Atkins*, 644 F.2d at 547. Thus, if Petitioner were asking this Court to order the Michigan Court to provide a prompt trial—and if he had already exhausted his state court remedies—this Court could entertain the petition. Here, Petitioner is not seeking that relief. Instead, Petitioner is seeking release from detention and dismissal of the charges against him. (*See* Petition, ECF No. 1, PageID.12.) That relief is "not attainable by way of pretrial habeas corpus." *Atkins*, 644

F.2d at 547. When a habeas petitioner brings a prejudgment habeas petition seeking dismissal of the charges against him, his habeas action must await the conclusion of the state proceedings. *See In Re Justices of Superior Ct. Dept. of Mass. Trial Ct.*, 218 F.3d 11, 17, n.5 (1st Cir. 2000). Furthermore, Petitioner has already been tried, so the only possible type of speedy trial claim that this Court might entertain—a claim asking the Court to compel a speedy trial—is no longer at issue.

Moreover, even if Petitioner's other grounds for relief from his prejudgment detention were permitted, he would still have to exhaust his available state court remedies before proceeding in federal court. *See Braden v. 30th Jud. Cir. Court*, 410 U.S. 484, 490–91 (1973) (recognizing the long-standing judicial doctrine of exhaustion of state-court remedies in all habeas actions); *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008); *Delk*, 665 F.2d at 93 (holding that a pretrial detainee may file a § 2241 petition after state remedies are exhausted). The requirement that a habeas petitioner exhaust state-court remedies before seeking relief in federal court "protect[s] the state court's opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins*, 644 F.2d at 546.

To properly exhaust state remedies, a habeas petitioner must have fairly presented each claim to the state court of appeals and to the state supreme court before raising claims in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45, 847 (1999); *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009). Here, Petitioner does not indicate that he has sought relief in the state courts—at least not beyond the Calhoun County Circuit Court—for the constitutional violations he alleges. Under state statutes and the Michigan Court Rules, it appears that state-court remedies are still available to Petitioner, including available appeals of

the trial result. Relief under § 2241 is not available until after Petitioner has pursued and exhausted his state court remedies.

## IV. Exhaustion Under § 2254

When a person is in custody pursuant to the judgment of a state court, he may seek release by way of a writ of habeas corpus under 28 U.S.C. § 2254. At the time that Petitioner filed his petition, he was not in custody pursuant to a state court judgment. Further, as of the date of this opinion, Petitioner has not yet been sentenced, and therefore, he still is not in custody pursuant to a state court judgment. *See supra* note 1. The fact that § 2254 jurisdiction was absent when the petition was filed effectively deprived the Court of jurisdiction under that section. That defect would not be remedied by the subsequent entry of the judgment of sentence. Moreover, although the Court might have jurisdiction under § 2254 if Petitioner filed a new petition immediately following the imposition of his state court sentence, that petition would also be properly dismissed because his § 2254 petition would also be unexhausted.

Before the Court may grant habeas relief to a state prisoner under § 2254, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan*, 526 U.S. at 842. Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *O'Sullivan*, 526 U.S. at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

6

The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138–39 (6th Cir. 1970). Petitioner has not, and cannot, meet his burden of showing exhaustion. He has not yet presented his constitutional challenges to the Michigan Court of Appeals or the Michigan Supreme Court. Therefore, simply construing the petition as one filed under § 2254, or permitting Petitioner to refile, would not afford him any relief.

**V.     Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court concludes that Petitioner's application is properly dismissed for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.*

The Court concludes that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of

7

appealability will be denied. Moreover, for that same reason, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Conclusion**

The Court will enter an order and judgment granting Petitioner's motion for leave to proceed *in forma* pauperis, dismissing the petition without prejudice for lack of exhaustion, and denying a certificate of appealability.


Dated:     February 21, 2024                         /s/ Robert J. Jonker
                                                                              Robert J. Jonker
                                                                              United States District Judge